# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| BART LANGLEY, | ) |
|        Plaintiff | ) |
| v. | )   No. 1:16-cv-00064-JDL |
| CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security,* | ) |
|        Defendant | ) |

## REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the questions of whether the administrative law judge erred in finding that the plaintiff's impairment did not meet a Listing, in failing to list as an exhibit a particular doctor's report, and in filing to address limitations identified by a treating source. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease of the lumbar spine, osteoarthritis of the right hip, depression, and anxiety, impairments that were severe, but which did not, considered separately or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 14, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

"Listings"), Findings 2-3, Record at 14; that he had the residual functional capacity ("RFC") to perform light work, except that he needed to stand for 5 minutes hourly between normal breaks, could never kneel, crawl, or climb ladders, ropes, or scaffolds, could occasionally climb ramps and stairs, balance, stoop, and crouch, must avoid unprotected heights and irregular or sloping work surfaces, and could understand, remember, and carry out simple, repetitive instructions, Finding 4, *id.* at 16; that he could not return to any past relevant work, Finding 5, *id.* at 20; that, considering his age (45 years old on the date he filed his application for benefits, March 16, 2012, education (at least high school), work experience, and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 6-9, *id.*, and that he, therefore, had not been disabled from the date of his application through the date of the decision, August 18, 2014, Finding 10, *id.* at 21. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support

of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 3 of the sequential evaluation process, at which step a claimant bears the burden of proving that his impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 416.920(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 416.925(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a).

## I. Discussion

### A. Step 3 Issues

#### 1. Listing 1.04(A)

The plaintiff first faults the administrative law judge for failing to find that his degenerative disc disease met the criteria of Listing 1.04. Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (ECF No. 13) at 2-5. That Listing, for disorders of the spine, requires that the claimant produce specific medical evidence of nerve root compression, spinal arachnoiditis confirmed by operative note or pathology report, or lumbar spinal stenosis resulting in pseudoclaudication. The plaintiff contends that he should have been found to meet the first alternative. Itemized Statement at 2-3.

Listing 1.04(A) requires that the nerve root compression be characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, atrophy with associated muscle weakness or muscle weakness accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising tests both sitting and supine. The administrative law judge said the following about this Listing:

3

> The claimant's degenerative disc disease is considered under listing 1.04 for disorders of the spine. Listing 1.04 is satisfied when there is evidence of a disorder of the spine or spinal cord, to include degenerative disc disease and osteoarthritis, with nerve root compression accompanied by sensory or reflex loss, or spinal arachnoiditis, or lumbar spinal stenosis. There is radiological evidence of degenerative disc disease, but no evidence of nerve root compression, spinal arachnoiditis or stenosis. Thus, when considered individually or in combination with the others, this impairment does not meet or medically equal a listed impairment.

Record at 15.

The plaintiff asserts that there is evidence of possible nerve root impingement in an MRI performed in 2012, "evidence of deficiencies of lumbar range of motion, pain distribution and positive straight-leg raising" in the record, and that this evidence renders the administrative law judge's conclusion unsupported by substantial evidence and thus "cause for remand." Itemized Statement at 5.

The plaintiff's argument does not meet all elements of the Listing. He fails to mention motor loss accompanied by sensory or reflex loss. He also fails to show that the positive straight-leg raising upon which he relies was performed in both a sitting and a supine position. In fact, none of the cited reports specifies the position in which the test was performed. Record at 294, 411, 419. These omissions are sufficient to require rejection of the plaintiff's argument, *Burnham v. Social Sec. Admin. Comm'r*, No. 1:11-00246, 2012 WL 899544, at *3 (D. Me. Mar. 15, 2012), and I note additionally that a finding of "potential" nerve root impingement is also insufficient, because of its indefiniteness, to meet the first requirement of the listing. *See, e.g., Storey v. Colvin*, Civil No. 2:13-cv-2264-MEF, 2015 WL 2126985, at *5 (W.D. Ark. May 6, 2015); *Johnson v. Colvin*, No. 3:12-CV-01596, 2014 WL 3565443, at *8 (M.D. Pa. July 18, 2014).

## 2. Report of Dr. Phelps

The plaintiff complains that the administrative law judge did not "exhibit" a report dated December 10, 2009, from Robert N. Phelps Jr., M.D., an orthopedist, that he submitted 12 days in advance of the hearing. Itemized Statement at 5-6; Record at 418-25. This omission entitles him to remand, he asserts, because the report included findings that "are relevant to a finding that Listing 1.04 was met." *Id*. at 6. The applicable legal test, however, requires a showing that the outcome of the plaintiff's application would likely be changed if the report had been admitted and considered. *E.g., Evans v. Colvin*, No. 2:12-CV-235-JAW, 2013 WL 2145637, at *4 (D. Me. Apr. 26, 2013).

The defendant responds that Dr. Phelps's report is dated more than two years before the date of the plaintiff's application for SSI benefits, when the relevant period for determining disability begins. 20 C.F.R. § 416.501. In addition, the administrative law judge explained to the plaintiff and his representative at the hearing that the report was not added to the exhibit list because it had already been considered in a prior decision. Record at 29. The representative did not object to the decision at that time. The defendant argues, persuasively, that any claim of error in the failure to list as an exhibit or discuss this report, therefore, has been waived. *See Mills v. Apfel*, 244 F.3d 1, 8 (1st Cir. 2001).

Even if that were not the case, the report does not establish that the plaintiff met the criteria of Listing 1.04 two years before the relevant date. The report does not state whether the positive leg-raising test occurred in both sitting and supine positions,[2] it does not mention nerve root compression, it notes normal reflexes, and it notes diminished sensation only in one foot. Record

---

[2] I reject the contention of the plaintiff's attorney at oral argument that the fact that Dr. Phelps' report does not note both sitting and supine positions for the leg-raising test makes no difference because Dr. Phelps is very experienced and would follow applicable Social Security regulations. There is no evidentiary support for these assertions.

at 419-20, 422. Accordingly, the plaintiff cannot show that the administrative law judge's failure to list as an exhibit or to consider Dr. Phelps's report was reversible error.

### 3. Dr. Johnson's Opinion

The plaintiff states that "[t]he ALJ gains no leverage in her reliance on Dr. Johnson's state agency assessment in terms of her Step 3 finding." Itemized Statement at 6. This does not appear to be an assertion of reversible error on the part of the administrative law judge, but, to the extent that it may reasonably so construed, it fails.

The plaintiff acknowledges that the administrative law judge "did not cite Dr. Johnson as support for her Step 3 finding." *Id*. That admission makes his attack on Dr. Johnson's opinions irrelevant.

### B. Step 5: Dr. Tennies's Report

The plaintiff asserts that the administrative law judge "impermissibly discounted" restrictions assigned to him by Diane A. Tennies, Ph.D., a psychologist, *id*. at 7, who examined the plaintiff on July 11, 2012, at the request of the Maine Disability Determination Services. Record at 282. The administrative law judge, citing Dr. Tennies's report, stated that the plaintiff had moderate difficulties with concentration, persistence, or pace. *Id*. at 15-16. She went on to observe as follows:

> Primarily, limitations attenuating [sic] to the claimant's mental and physical impairments are described by the consultative examiners and not by his treating sources. Diane Tennies, Ph.D., conducted a consultative psychological evaluation on July 11, 2012. Dr. Tennies noted that the claimant had poor eye contact and appeared to be physically uncomfortable. She said that he spoke slowly, had delayed responses and appeared to have difficulty retrieving words and history. She described gross memory deficits, a restricted and dysphoric mood, and concentration[] problems. The claimant reported symptoms of decreased appetite, low energy, poor sleep, indecision and decreased interest. Dr. Tennies noted that the claimant also reported panic attacks but said that they do not impact his functioning as much as his depression and anxiety does. She provided a diagnosis of major depressive disorder, recurrent, severe; and generalized anxiety disorder.

6

> In her medical source statement, Dr. Tennies opined that the claimant is capable of following work-related rules and relating well to co-workers, the public and supervisors. She said that he would have good judgment on the job and be able to function independently. Dr. Tennies opined that presently his ability to deal with work stressors and to attend and concentrate is compromised by the range of his depressive symptoms. She opined that he is able to understand, remember and carry out simple job instructions but would have more difficulty with an increase in complexity of instructions (Exhibit B-3F).

*Id*. at 18-19.

The administrative law judge gave "some weight" to Dr. Tennies's opinions, finding that they were "partially supported by [her] findings on examination, the other medical evidence of record and the opinions of DDS." *Id*. at 19. She gave "little weight to the opinion of the DDS psychological examiner who concluded that the claimant had no severe mental impairment[.]" *Id*. The plaintiff contends that "there is no excuse" for the administrative law judge's "failure to address . . . in a straightforward manner" Dr. Tennies's statements about the "marked to extreme" and "severe" effect of the plaintiff's mental impairments on his ability to deal with work stressors and to maintain attention and concentrate. Itemized Statement at 7.

The defendant contends that any failure to repeat and/or cite the specific phrases identified by the plaintiff does not provide grounds for remand, Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 9, because Dr. Tennies "immediately" expressed the effect of those findings on the plaintiff's ability to perform basic work functions, finding that he could "understand, remember and carry out simple job instructions[,]" could function independently, and could "relate well to coworkers, the public, and supervisors." Record at 285-86. The limitation to simple instructions is included in the RFC assigned to the plaintiff by the administrative law judge. *Id*. at 16. Dr. Tennies's remaining opinions concerning the plaintiff's ability to perform basic work-related activities are not limitations at all. In addition, the

7

plaintiff himself stated that he could handle changes in routine "OK," thus addressing the work function not addressed by Dr. Tennies. Record at 207.

The hypothetical question posed to the vocational expert by the administrative law judge is identical to the RFC that was assigned to the plaintiff. Record at 50-51. The plaintiff does not suggest why the administrative law judge was required to interpret Dr. Tennies's opinions about the limitations caused by his mental impairments in a manner different from the psychologist's own statements about his ability to perform basic work-related functions. None of the authority cited by the plaintiff supports such a conclusion.

On the showing made, the plaintiff is not entitled to remand on the basis of the administrative law judge's treatment of Dr. Tennies's opinions.[3]

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.[4]

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for*

---

[3] On the day before oral argument, the plaintiff submitted a letter citing *Caudle v. Colvin*, No. 1:15-cv-201-JHR, 2016 WL 1734074 (D. Me. Apr. 29, 2016), as relevant to the plaintiff's argument that the administrative law judge fatally failed to address limitations included in Dr. Tennies's statement. Letter dated September 13, 2016, to Christa K. Berry, Clerk, from Francis M. Jackson. *Caudle* does not undercut the reasoning herein where, here, the RFC mirrors Dr. Tennies' limitations. Moreover, I note that *Caudle* supports my finding that "potential" nerve root impingement is not sufficient to meet the relevant requirement of Listing 1.04. 2016 WL 1734074 at *5.

[4] At oral argument, the plaintiff asserted that the administrative law judge had wrongly concluded that the compromises of the plaintiff's work-related abilities caused by his impairments were more severe than those found by the state-agency reviewers but less severe than those found by the consulting medical expert, Dr. Tennies. This argument was not raised in the statement of errors and is, therefore, deemed waived. *Hopkins v. Astrue*, No. 07-40-P-S, 2007 WL 3023493, at *6 (D. Me. Oct. 12, 2007).

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

      Dated this 29th day of December, 2016.
.

                                                  <u>/s/  John H. Rich III</u>
                                                  John H. Rich III
                                                  United States Magistrate Judge